IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN DIMMICK,<br><br>                  Plaintiffs,<br><br>v.<br><br>CLARK A. HARMS et al.,<br><br>                  Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:13-CV-794-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, Dustin Dimmick, an inmate at Utah State Prison, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2]

Based on its review of the Complaint, the court concludes that official service of process is warranted. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon these individuals:

> **Clark A. Harms, Director, Utah Board of Pardons and Parole (BOP)**
> **Angela Micklos, member of Utah BOP**
> **John Doe 1, member of Utah BOP**
> **John Doe 2, member of Utah BOP**
> **John Doe 3, member of Utah BOP**
> **John Doe 4, member of Utah BOP**
> **John Doe 5, member of Utah BOP**

Once served, Defendants shall respond to the summons in one of the following ways:

    (A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust

        administrative remedies in a grievance process, Defendants must:

---

[1] *See* 42 U.S.C.S. § 1983 (2014).

[2] *See* 28 *id.* § 1915.

(i) within 20 days of service, file an Answer;

(ii) within 90 days of filing an Answer, prepare and file a *Martinez* report limited to the exhaustion issue,[3] and;

(iii) within 120 days of filing an Answer, file a separate Summary Judgment Motion, with a supporting Memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service:

(i) file an Answer; or

(ii) file a Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must:

(i) file an Answer, within 20 days of service;

(ii) within 90 days of filing an Answer, prepare and file a *Martinez* report addressing the substance of the Complaint, and:

(iii) within 120 days of filing an Answer, file a separate Summary Judgment Motion, with a supporting Memorandum.

---

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials). In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their Answer.

The parties shall take note that new Local Rules governing civil cases are now in effect. The Approved Amendments to the Local Rules and Updated Rules are posted on the Court's website. All new requirements are important but the most significant changes are in motion practice and sealed filings. This court will order the parties to refile Summary Judgment Motions which do not follow the new standards.[4]

Plaintiff is notified that he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that he must, within 30 days of its filing, respond to a Motion to Dismiss or Summary Judgment Motion. Plaintiff is finally notified that, if Defendants move for Summary Judgment, Plaintiff cannot rest upon the mere allegations in the Complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a Motion for Summary Judgment, Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## MOTION FOR APPOINTED COUNSEL

The court now considers Plaintiff's Motion for Appointed counsel.[5] Plaintiff has no constitutional right to counsel.[6] However, the Court may in its discretion appoint counsel for

---

[4] *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

[5] Docket Entry 6.

[6] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

indigent inmates.[7]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[8]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[9]  Considering the above factors, the court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the court denies for now Plaintiff's Motion for Appointed Counsel.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The court grants Plaintiff's Motion to Serve Process.[10]  USMS shall serve a completed Summons, a copy of the Complaint,[11] and a copy of this Order upon the above-listed Defendants.

(2) Within 20 days of being served, Defendants must file an Answer or Motion to Dismiss, as outlined above.

---

[7] *See* 28 U.S.C.S. § 1915(e)(1) (2014); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[10] *See* Docket Entry 5.

[11] *See* Docket Entry 4.

(3) If filing a *Martinez* report, Defendants must do so within 90 days of filing their Answer. Under this option, Defendants must then file a Summary Judgment Motion within 120 days of filing their answer.

(4) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(5) If served with a Summary Judgment Motion or Motion to Dismiss, Plaintiff must submit a response within 30 days of the Motion's filing date.

(6) The Summary Judgment Motion deadline is 120 days from the filing of an Answer.

(7) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their Answer.

(8) Plaintiff's Motion for Appointed Counsel is DENIED[12]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 29th day of August, 2014.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[12] *See* Docket Entry 6.