IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN J. DIMMICK,<br><br>                    Plaintiff,<br><br>v.<br><br>KRISTIE BOURDON et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:13-CV-794 RJS<br><br>District Judge Robert J. Shelby |

      Plaintiff, Dustin J. Dimmick, an inmate at Utah State Prison, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2]

      Based on review of the Amended Complaint, the Court concludes that official service of process is warranted on the defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, along with this Order, upon these State of Utah employees:

> **Kristie Bourdon, parole officer**
> **Eric Peterson, Attorney General's Office**
> **Clark Harms, Utah Board of Pardons (BOP) member**
> **Angela Micklos, BOP member**
> **Curtis Garner, BOP chairman**
> **Jesse Gallegos, BOP member**
> **Robert Yeates, BOP member**
> **Manny Garcia, BOP attorney.**

      Once served, Defendants shall respond to the summons in one of the following ways:

      (A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust

           administrative remedies in a grievance process, Defendants must,

---

[1] *See* 42 U.S.C.S. § 1983 (2016).

[2] *See* 28 *id.* § 1915.

        (i) within 20 days of service, file an answer;

        (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[3]; and,

        (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

        (i) file an answer; or

        (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

        (i) file an answer, within 20 days of service;

        (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

---

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

 (D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their answer.

 Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired.  Plaintiff is further notified that (s)he must, within 30 days of its filing, respond to a motion to dismiss or summary-judgment motion.  Plaintiff is finally notified that, if Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

 Accordingly, **IT IS HEREBY ORDERED** that:

 (1) USMS shall serve a completed summons, a copy of the Amended Complaint[4] and a copy of this Order upon the above-listed defendants.

 (2) Within 20 days of being served, Defendants must file an answer or motion to dismiss, as outlined above.

 (3) If filing a *Martinez* report, Defendants must do so within 90 days of filing their answer.  Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

---

[4](*See* Docket Entry # 39.)

(4) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) Summary-judgment motion deadline is 120 days from filing of answer.

(7) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

DATED this 25th day of May, 2016.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court